State of New Mexico
County of Valencia
Thirteenth Judicial District

Davon Lymon
   Plaintiff

vs                 No

Aramark Corporation
Joseph Neubaver
Charlie Carrizales
Bertha Benavidez
John Sanchez
   Defendants

FILED
DISTRICT COURT, NM
05 AUG 26 AM 10:59
JAMIE GOLDBERG
BY: _____ DEPUTY

D-1314-CV-05-844

SUMMONS ISSUED

JOHN W. POPE, DIV. I

## Complaint

Comes Now the Plaintiff Prose to prosecute this complaint against the Defendants for damages and injuries.

For the complaint the Plaintiff states:

1) The Plaintiff is a resident of Valencia County

2) The incident resulting in the Plaintiff's injuries arose in Valencia County

3) Defendant John Sanchez is a public employee who was acting within the scope of his duties when he caused injury to the Plaintiff.

4) The Plaintiff had a pre-existing injury. The Plaintiff left shoulder rotator cuff was surgically repaired.

5) Prison policy requires that all prisoners recieve a medical clearance prior to being assigned to work in the prison kitchen for Defendants Aramark, Neubaver, Benavidez and Carrizales

6) The Plaintiff did not recieve a medical clearance prior to being assigned to work in the prison kitchen.

7) John Sanchez is a prison classification officer. Sanchez classified the Plaintiff to work in the prison kitchen contrary to prison policy and contrary to the Plaintiff's medically ordered physical limits. Sanchez has done this to hundreds of men in the prison.

8) Contrary to the Corrections Industries Act, the Plaintiff did not volunteer for employment by the Aramark Corp.

9) Defendant Aramark Corp has entered into a contract with the Corrections Dept. This contract requires Aramark Neubaver Benavidez and Carrizales to comply with all New Mexico state laws and all prison policies. This contract requires Aramark Neubaver Benavidez and Carrizales to protect and enforce all

of the Plaintiffs civil and legal rights.

10) On or about September 23 2004 the Plaintiff medical records reflect a prescription that prohibits the Plaintiff from lifting objects with his left arm. This is a continuing and ongoing medical requirement as a result of surgery.

11) On June 22 2005 nurse Jessica Garcia issued a prison health services pass/lay-in. This pursuant to a request by Defendant Bertha Benavidez. This pass/lay-in restated the medical prohibition of lifting by the Plaintiff. Defendants Benavidez and Carrizales both reviewed this pass/lay-in slip. Defendants Benavidez and Carrizales refused to acknowledge the medically identified physical limitations.

12) Contrary to the prison health services pass/lay-in, Defendants Benavidez and Carrizales assigned the Plaintiff kitchen jobs that required heavy lifting.

13) The abuse of convict labor is encouraged by Defendants Aramark and Neubaver. These Defendants have issued and published a business conduct policy. This policy requires Aramark and its employees

3

... in this case Carrizales and Benavidez, to provide each employee with a safe and healthy work enviornment. This policy was published for deceptive propaganda puposes. Defendant Neubaver encourages the abuse of convict labor and false reporting of contract compliance by Carrizales. Defendant Neubaver is the chief executive officer of the Aramark Corp and is the majority stock holder of record.

14) On July 3, 2005 at about 1:00pm Defendant Benavidez ordered the Plaintiff to do the back porter job. This requires much heavy lifting. The Plaintiff re-newed his request to Benavidez to not order work contrary to orders from the medical staff. Benavidez refused and ordered the Plaintiff to do the assigned job.

A short time later while lifting heavy trays in the dishroom the Plaintiffs left shoulder gave out. This caused the Plaintiff to slip and fall. This caused the Plaintiff to suffer sever pain. This required the Plaintiff to seek medical care.

15) The Plaintiff filed two informal

complaints concerning this matter. Captian Abner Hernandez refused to grant permission for the Plaintiff to use the prison grievance process. Hernandez claimed the grievance was resolved. This because the Plaintiff was not medically cleared to work in the prison kitchen. No further use of the prison grievance procedure is permitted by policy.

16) Cause of Action I: Defendants Aramark, Neubaver, Carrizales and Benavidez did negligently and contrary to law assign the Plaintiff duties that directly resulted in physical injury that caused pain and suffering.

17) Cause of Action II: Defendants Aramark, Neubaver, Carrizales and Benavidez did breach their contract with the prison that resulted in physical injury to the Plaintiff that caused pain and suffering.

18) Cause of Action III: Defendant John Sanchez, a public employee who was acting within the scope of his duties, did negligently cause bodily injury to the Plaintiff while Sanchez was operating a public building.

Wherefore the Plaintiff demands judgment against the Defendants, jointly and severly, in an amount to be determined at jury trial for actual damages including but not limited to future medical costs. And for punitive damages against all Defendants excepting Sanchez forthwith

Respectfully Submitted
*Davon Lymon*

Mr Davon Lymon
# 56051
CNMCF
PO Drawer 1328
Los Lunas New Mexico 87031-1328

## Verification

I Davon Lymon being first duly sworn by law depose and state that the facts herein are true correct and within my personal knowledge
*Davon Lymon*

Subscribed and sworn to before me this 4 day of Aug. 2005

Notary Public *[signature]*
My Commission Expires 3/18/2009