**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVON LYMON,

        Plaintiff,

vs.                                                                                    No. CIV 08-0386 JB/DJS

ARAMARK CORPORATION,
JOSEPH NEUBAUER,
CHARLIE CARRIZALES,
BERTHA BENAVIDEZ,
and JOHN SANCHEZ,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff Davon Lymon's Opposed Motion to

Amend His Complaint for the First Time, filed in federal court on April 14, 2008 (Doc. 1-31).  The

Court held a hearing on January 30, 2009.  The primary issue is whether the Court should allow

Plaintiff Davon Lymon to amend his Complaint to add new defendants and new claims.  For the

reasons stated on the record, and for other reasons set forth in this Memorandum Opinion and Order,

the Court will grant the Motion to Amend.

**FACTUAL BACKGROUND**

    Lymon is an inmate in the custody of the New Mexico Department of Corrections.

Defendant Aramark Correctional Services, LLC is incorrectly denominated as Aramark Corporation

in Lymon's Complaint.  Defendant John Sanchez is a public employee.

    Lymon alleges damages arising out of injuries he sustained from work that he was required

to do while a prisoner.  His Complaint concerns work that he was required to do in spite of

limitations on lifting because of a previous surgery on his shoulder.  In paragraph 14 of his

Complaint, Lymon complains about a slip and fall after his shoulder collapsed while doing heavy lifting in the prison kitchen.  In paragraph 7 of his statement of facts, Lymon states: "Sanchez has done this to hundreds of men in the prison . . . ."

## PROCEDURAL BACKGROUND

Lymon, proceeding pro se, filed in state court in August of 2005 a Complaint, asserting claims against the Defendants sounding in breach of contract and negligence.  Because of circumstances arising out of his status as a pro se litigant, Lymon was unable to achieve service of process on Sanchez until December of 2007.  Lymon alleges that Sanchez avoided service of process for several months because of failures in the system in supporting inmates when they file a lawsuit. See Motion to Amend at 1-2.

Shortly after receiving service of process in November or December of 2007, Sanchez filed a motion in state court under rule 1-012(b)(6) NMRA to dismiss based on the limitations of the New Mexico Tort Claims Act.  Sanchez has not filed any responsive pleading to the Complaint.  Sanchez asserted that the only complaint regarding unlawful conduct by him involved classification of inmates.  The other Defendants also filed a motion to dismiss for failure to prosecute because nearly two and a half years passed with no record activity in the case.

Lymon contended that Sanchez' interpretation of his Complaint was too narrow.  Lymon argued that, because Sanchez made the original decision to send Lymon to the kitchen, Sanchez would be implicated in the causation of this premises-liability tort for which section 41-4-6 of the New Mexico Tort Claims Act waives immunity.  Sanchez also argued that this conduct would fall within the judicial expansion of the immunity waivers in section 41-4-6 present in the line of the New Mexico case law exemplified by Silva v. State, 106 N.M. 472, 477, 745 P.2d 380, 385 (1987). See Plaintiff Davon Lymon's Memorandum in Opposition to Defendant John Sanchez' Motion to

Dismiss at 2-3, filed in state court on January 10, 2008, filed in federal Court April 14, 2008 (Doc. 1-14)("Response to Sanchez' Motion to Dismiss").  Sanchez also argued that the statement in paragraph 7 of the Complaint appears to satisfy the requirements set forth in footnote 3 on page 621 of <u>Archibeque v. Moya</u>, 116 N.M. 616, 866 P.2d 344 (1993), which explores the proposition of waiver under Section 41-4-6 if more than one inmate is harmed.  <u>See</u> Response to Sanchez' Motion to Dismiss at 2-3.

At a hearing before the state court on February 12, 2008, the state court, after granting Sanchez' rule 12(b)(6) motion to dismiss, ordered that Lymon had thirty days to amend his Complaint to meet certain requirements or the dismissal would be final.  It is not clear, however, whether the state court granted permission to amend only as to Sanchez or whether the right to amend was more general.  The state court also denied the non-state Defendants' motion to dismiss for failure to prosecute.

Aramark's counsel would not concur in Lymon's motion to amend without first reviewing the document and bestowing final approval.  On March 13, 2008, Lymon served all of the Defendants except Bertha Benavidez with an amended complaint that included several claims under federal law.  <u>See</u> Notice of Removal ¶ 5, at 2, filed April 14, 2008 (Doc. 1).  On the basis of those federal claims, the Defendants removed the case to federal court.  <u>See</u> <u>id.</u> ¶ 10, at 3.

Lymon now petitions the Court to amend his Complaint to add two new parties: (i) corrections officer captain Abner Hernandez; and (ii) the New Mexico Department of Corrections. Lymon also now seeks to add another state tort claim of intentional infliction of emotional distress and of respondeat superior regarding Aramark, and federal civil-rights claims involving sections 1983 and 1981.  All of Lymon's new claims arise out of the personal injury he allegedly suffered when, while working in the Central New Mexico prison food service, he allegedly hurt his shoulder

when the Defendants ignored a medical lifting restriction.

Pursuant to rule 15 of the Federal Rules of Civil Procedure, Lymon has submitted to the Court his proposed First Amendment to his Complaint by attaching his Amended Complaint as an exhibit to his motion.  Lymon asks the Court for an order granting permission to amend his Complaint for the first time.

Certain Defendants filed a response to the Defendants' response to Lymon's motion to amend his Complaint.  Aramark, and Defendants Joseph Neubauer and Charlie Carrizales, responded in opposition to Lymon's motion to amend his Complaint, asserting that the proposed amendments are untimely, are futile, and do not serve the interests of justice.

At the hearing, Lymon's counsel pointed out that Lymon was initially proceeding in this case pro se, and that counsel came into the case later.  See Transcript of Hearing at 3:9-11 (taken January 30, 2009)(Brown)("Tr.").[1]  Lymon contended that, as a pro se litigant, there was a lot he did not know, and he had trouble with the process.  See id. at 9-12 (Brown).  The non-state Defendants, in turn,  argued that amendment would be futile because the supplementation that Lymon wishes to make to his Complaint fail to state a claim.  See id. at 10:16-11:3 (Parrish).  The non-state Defendants contended that, as a private contractor providing food services in New Mexico prisons, the civil-rights claims against Aramark cannot lie because Aramark is not a state actor.  See id.  The non-state Defendants also asserted that the new state-law claims fail.  See id. at 10:10-20 (Court, Parrish).

The Court expressed its concern that the state-action arguments were not fully fleshed out in the briefing, and that there might not be adequate briefing to decide the Motion to Amend.  See

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

id. at  11:12-20 (Court).  The Court noted that the non-state Defendants' arguments in the briefing

speaks primarily to the issue of undue delay, see id. 11:12-17 (Court), and the state-action argument

was limited to a single sentence on page 4 of the supporting initial brief with one case citation.

Aramark's counsel represented that, while the procedure of this case has been "a little bit confused,"

id. at 13:16-17 (Parrish), Aramark's position is that, while the state court granted leave to amend the

Complaint against the state defendant, Sanchez, it granted no such leave as to the Aramark.  See id.

at 15:21-16:10 (Court, Parrish).   Thus, at a minimum, she believes that leave to amend the

Complaint to bring the new claims against Aramark is necessary.  See Tr. at 16:5-10 (Parrish).

Lymon insisted that the state court's order granting leave to amend the Complaint was framed in

general terms and not limited to claims against Sanchez.  See Tr. at 19:1-5 (Brown).  The state

Defendants stated that they could not say definitively whether the state court granted Lymon

permission to amend as to anyone besides Sanchez.

## LAW REGARDING MOTIONS TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time
> before a responsive pleading is served or, if the pleading is one to which no
> responsive pleading is permitted and the action has not been placed upon the trial
> calendar, the party may so amend it at any time within 20 days after it is served.
> Otherwise a party may amend the party's pleading only by leave of court or by
> written consent of the adverse party; and leave shall be freely given when justice so
> requires.

Fed. R. Civ. P. 15(a).

> Refusing leave to amend is generally only justified upon a showing of undue delay,
> undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure
> deficiencies by amendments previously allowed, or futility of amendment.  It is well
> settled in this circuit that untimeliness alone is a sufficient reason to deny leave to
> amend, especially when the party filing the motion has no adequate explanation for
> the delay.  Furthermore, where the party seeking amendment knows or should have
> known of the facts upon which the proposed amendment is based but fails to include

them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(internal citations, quotation marks, and bracket omitted).  See Duncan v. Manager, Dep't of Safety, City & County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005)(quoting Frank v. U.S. West, Inc. and stating that resolving the issue whether to allow a plaintiff to file a supplement to his complaint is "well within the discretion of the district court").  "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  B.T. ex rel. G.T. v. Santa Fe Pub. Schools, No. CIV 05-1165 JB/RLP, 2007 WL 1306814 at * 2 (D.N.M. March 12, 2007)(Browning, J.)(quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)).  "Specifically, the . . .  Tenth Circuit has determined that district courts should grant leave to amend when doing so would yield a meritorious claim."  Burleson v. ENMR-Plateau Tel. Co-op., No. CIV 05-0073 JB/KBM, 2005 WL 3664299 at * 2 (D.N.M. September 23, 2005)(Browning, J.)(citing Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001)).

## ANALYSIS

The Federal Rules of Civil Procedure provide that "leave [to amend a complaint] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Tenth Circuit has outlined the circumstances under which a district court may refuse to grant leave to amend.  Those circumstances are generally limited to "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d at 1365-66.  None of the circumstances that would counsel in favor of denying a motion to amend are present in this case.  To the contrary, the Court sees good reason to allow the amendment.  After clarifying the procedural history of the this case, the Court believes

it is appropriate to allow Lymon to amend his Complaint.

## I.  THE COURT NEED NOT DECIDE WHETHER LYMON MAY AMEND HIS COMPLAINT AS A MATTER OF RIGHT UNDER RULE 15(a)(1)(A) AGAINST SANCHEZ.

"A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A).  Lymon argues that he has a right to amend his Complaint against Sanchez because Sanchez has not filed a responsive pleading.  The Court need not decide that question.  At the hearing, Lymon made it clear that the state-court had granted him leave to amend his Complaint.  While there is some dispute about the scope of the state-court's order granting leave to amend, neither party disputes that Lymon was granted leave to amend with respect to Sanchez.  Lymon may therefore amend his Complaint as it concerns Sanchez.

## II.  THE PROCEDURAL HISTORY OF THIS CASE FAVORS GRANTING LEAVE TO AMEND.

Although the state court already granted leave to amend, the parties dispute the scope of that leave.  Even so, the Court finds that justice would best be served by allowing Lymon to make the amendments he now requests.  Three specific circumstances counsel strongly in favor of granting the Motion to Amend in this case: (i) this case began as a pro se proceeding, which gave rise to various procedural difficulties; (ii) it is unclear whether the state court's order granting leave to amend was limited to correcting defects regarding claims against Sanchez, or whether the order granted general leave to amend the complaint and to add new claims and new defendants; (iii) the Defendants have already treated the Complaint as Amended.

### A.  THE CASE BEGAN AS A PRO SE PROCEEDING.

Although they should not assume the role of advocate, court often make certain allowances for a pro se plaintiff.  See, e.g., Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("A pro se

litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); id. at 1110 n.3 ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."). In this case, Lymon began his lawsuit pro se. Some confusion in the procedure of the case has resulted, at least in part, from Lymon's pro-se status. Counsel came into the case on his behalf at a later date and has since sought to straighten out the case. Part of the process of straightening the case out procedurally has involved counsel seeking leave to amend the Complaint and sorting out which claims should be brought against which parties.

The Court is also concerned that denial of an amendment would be unjust. Lymon contends that, if the Court prevents him from filing and amended complaint, the statute of limitations under the New Mexico Tort Claims Act might prevent him from re-filing claims under that act. Without deciding the impact of the statute of limitations on Lymon's claims if he were to re-file, the Court is nonetheless concerned about the statute of limitations. Given that Lymon is a pro se plaintiff currently incarcerated, denial of leave to amend might unjustly preclude a case on the merits because of circumstances beyond the pro-se inmate's control. The Court therefore views it as prudent to allow Lymon, through his counsel, to amend his Complaint so that the procedural posture of the case can be definitively established.

**B.    THE SCOPE OF THE STATE COURT ORDER GRANTING LEAVE TO AMEND IS UNCLEAR.**

Based on the record before it at this time, the Court cannot determine whether Aramark is correct in asserting that the state court granted Lymon leave to amend his Complaint only with respect to Sanchez. The parties have not produced a transcript of the proceeding in the state court and have offered conflicting recollections about what the state court's ruling was. Given the state of the record, it makes sense to allow Lymon to amend his Complaint.

-8-

**C.      THE DEFENDANTS TREATED THE COMPLAINT AS AMENDED WHEN THEY REMOVED THE CASE TO FEDERAL COURT.**

When Lymon served his Amended Complaint, he added his new typed material to his original handwritten Complaint.  He continued the numbering of paragraphs and started the type-written material on page 7.  When the Defendants received the document, all treated it as the operative pleading, because the state Defendants removed the case and the other Defendants consented to removal.  The State Defendants filed an Answer to the Amended Complaint.  See Defendants John Sanchez, Abner Hernandez, Joe Williams, as Secretary of the New Mexico Department of Corrections, and the New Mexico Department of Corrections' Answer to Plaintiff's First Amended Complaint for Negligence, Bodily Injury and Claims Under 42 U.S. [C.] Sections 1983 and 1981, filed April 17, 2008 (Doc. 5).  It would be unfair to allow the Defendants to rely on the Amended Complaint for removal, but not to allow Lymon to file the Complaint.

**III.    NONE OF THE FACTORS WHICH FAVOR DENYING LEAVE TO AMEND ARE PRESENT IN THIS CASE.**

A district court may deny a motion to amend upon a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Frank v. U.S. West, Inc., 3 F.3d at 1365-66.  None of those factors is present in this case to a degree justifying denial of the amendment.  There has been no allegation of bad faith or dilatory motive on Lymon's part.  This Motion to Amend was not the product of a desire to cure deficiencies missed in previously allowed amendment.  Currently, the original Complaint is the operative one.  After clarifying the procedural posture of this case, amendment based on this Motion to Amend will result in a First Amended Complaint.

The Court also disagrees with any suggestion that amendment would be futile in this case.

Although it did not fully develop the argument in its briefing, Aramark insisted at the hearing that it would be futile to allow the new claims to be added against Aramark because Aramark is a private actor.  <u>See</u> Tr. at 10:16-11:3 (Parrish).  Aramark contends that, because it is not a state actor, it cannot be liable under the new federal claims Lymon wishes to add.  <u>See</u> <u>id.</u> (Parrish).  Aramark also maintains that, as a matter of law, the state-law claims Lymon wishes to add fail as well.  Aramark argues that, because the new causes of action fail to state a claim, it would be futile to allow Lymon to amend his Complaint to add them.

As the Court noted at the hearing, those arguments about futility were not fully briefed.  The Court is therefore reluctant to make a ruling which could, in effect, be a dismissal on the merits, without giving the parties full opportunity to present their arguments.  <u>Cf.</u> <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1219 (10th Cir. 2006)("Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate . . . .  If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice.")(citations omitted).  It is not the proper time to decide whether the new amendments state a claim.  Rather, it is more appropriate to deal with the merits of the claims on a proper motion to dismiss.  This briefing will not place too much of a burden on Aramark or the other Defendants.  They will still have the opportunity to pursue their arguments that Lymon fails to state a claim, and, at the stage of a motion to dismiss, all parties will be more prepared to deal with the merits.

There has also been some suggestion that Lymon allowed significant time to pass without prosecuting his claims.  At one point, the Defendants filed a motion to dismiss for failure to prosecute.  The state court denied that motion.  Nonetheless, the Defendants suggest that, given the time that has passed, there has been undue delay in the case and Lymon should therefore not be allowed to amend his Complaint.  While there is some merit to the Defendants' argument, in this

-10-

case, it is important to remember that Lymon began this case pro se and while an inmate.  Under those circumstances, he had to deal with limitations not only based in his ability to litigate the case, but also in his access to resources necessary to litigate the case.  Thus, while there has been some delay, that delay is excusable in this case.  Now that Lymon has counsel who is engaged in properly litigating the case, the Court believes progress can and has been made, and it is more appropriate to allow matters to proceed to the merits.

In conclusion, the Court finds that, at this time, Lymon should be granted leave to amend his Complaint.  As stated at the hearing, the Court will allow Lymon to file a new document, and the Defendants can then all respond to that Complaint under the Federal Rules of Civil Procedure.  Lymon has ten days from the date of the hearing to file the Amended Complaint.  He should designate it as the First Amended Complaint.

**IT IS ORDERED** that Plaintiff Davon Lymon's Opposed Motion to Amend His Complaint for the First Time is granted.  He has ten days from the date of the hearing to file his Amended Complaint.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Solomon Brown
Albuquerque, New Mexico

*Attorney for the Plaintiff*

Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Aramark Correctional*
      *Services, LLC, Joseph Neubauer, and*
      *Charlie Carrizales*

Sean Olivas
Javier F Junco
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants John Sanchez,*
      *Abner Hernandez, Joe Williams, and*
      *New Mexico Department of Corrections*