IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVON LYMON,

      Plaintiff,

vs.                                                                                                                                                         No. CIV 08-0386 JB

ARAMARK CORPORATION, JOSEPH NEUBAUER,
CHALIE CARRIZALES, BERTHA BENAVIDEZ,
JOHN SANCHEZ IN HIS OFFICIAL CAPACITY
AND INDIVIDUAL CAPACITY, ABNER HERNANDEZ
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,
JOE WILLIAMS as SECRETARY
OF THE NEW MEXICO DEPARTMENT
OF CORRECTIONS IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, and NEW MEXICO
DEPARTMENT OF CORRECTIONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Davon Lymon's Opposed Motion to File a Second Amended Complaint, filed April 23, 2009 (Doc. 35). The Court held a hearing on July 13, 2009. The primary issue is whether the Court should grant Plaintiff Davon Lymon permission to file a Second Amended Complaint, which seeks to add twenty-one new plaintiffs and three new defendants. Because Lymon relies on both rule 20 and rule 23 of the Federal Rules of Civil Procedure, the Court will deny the motion without prejudice to Lymon renewing his motion, and will allow Lymon time to reconsider whether he seeks to join the additional parties or whether he wishes to file a class action and can provide the Court with sufficient grounds for his choice.

## PROCEDURAL BACKGROUND

Lymon represents that several other inmates wish to join his lawsuit:

| NAME | INMATE# | LOCATION |
|---|---|---|
| DANIEL MARES | 45407 | CNMCF |
| JOSEPH THOMAS | 65706 | CNMCF |
| ALVIN MARTIN | 62090 | CNMCF |
| THOMAS RAMIREZ | 59452 | CNMCF |
| CODY ROMERO | 59419 | CNMCF |
| MARIO LOPEZ | 30635 | CNMCF |
| ANTHONY HERRERA | 65267 | CNMCF |
| FIDEL CHAVEZ | 40445 | CNMCF |
| RANDOLPH R. BARBRA | 41146 | CNMCF |
| GILBERT BENAVIDEZ | 63276 | CNMCF |
| CLEMENT ARTIAGA | 68233 | CNMCF |
| JOHNNY CANASCO | 51417 | CNMCF |
| JOSE QUINONES | 47265 | CNMCF |
| RUBEN LOZANO | 62127 | CNMCF |
| EUCENE McALLISTAR | 63940 | CNMCF |
| JON WALKER | 66547 | CNMCF |
| MICHAEL R. CROHAN | 52337 | CNMCF |
| TITO FAJARDO | 68023 | CNMCF |
| CHRIS DELEON | 42921 | CNMCF |
| LEROY VALLEJOS | 64158 | CNMCF |
| DANIEL FRANCO | 64176 | CNMCF |

Lymon moves to amend his Complaint a second time in order to add these individuals as plaintiffs. Lymon also petitions the Court for permission to add Wexford Corporation, Valencia County, and the Village of Los Lunas as additional defendants.

Lymon states that his petition to add other parties invokes either rule 20 or, given the large number of inmates he proposes to add, rule 23. He states the addition seems to fit most appropriately under rule 23(a) and (b)(1)(A). Lymon attaches his proposed Second Amended Complaint as Exhibit A to his motion. In his proposed Second Amended Complaint, Lymon lists only himself in the caption as plaintiff. He adds Wexford Corporation, but not Valencia County or the Village of Los Lunas. In Count XVIII, Lymon references "[a]ll the inmates listed in Plaintiff's Motion to Amend," and states that they all claim injuries resulting from exposure in the kitchen, cross contamination, failure of employees to properly sanitize and clean multi-use equipment and

utensils, or from other unsanitary conditions in the kitchen.

Current Defendants John Sanchez, Abner Hernandez, Joe Williams, and the New Mexico Department of Corrections (collectively "State Defendants"), and Aramark Correctional Services, LLC, Joseph Neubauer, and Charlie Carrizales (collectively "Aramark Defendants"), do not concur in the filing of Lymon's motion. See Defendant John Sanchez', Abner Hernandez', Joe Williams', and the New Mexico Department of Corrections' Response to Plaintiff Davon Lymon's Opposed Motion to File Second Amended Complaint at 1, filed May 27, 2009 (Doc. 41)("State Response"); Non-State Defendants' Response to Plaintiff's Second Motion to Amend Complaint at 1, filed June 1, 2009 (Doc. 42)("Aramark Response"). The State Defendants do not have a position on the addition of a new defendant, but the State Defendants oppose the requested class certification or alternative joinder of the additional plaintiffs. See State Response at 2. They contend that Lymon has failed to satisfy the requirements of rule 23(a), including particularly the "commonality" and "typicality" requirements, and Lymon has also failed to satisfy the requirements of rule 23(b). See State Response at 2. The State Defendants also contend that Lymon has not met the requirements for joinder under rule 20(a)(1) because the injuries Lymon allegedly suffered do not arise out of the same transactions, occurrences, or series of transactions or occurrences that gave rise to the claims that will be asserted by the twenty-one joined inmates if added. See State Response at 22-23. The Aramark Defendants join in and adopt the arguments that the State Defendants made. See Aramark Response at 2.

At the hearing, Solomon Brown, Lymon's attorney, stated that he assumes that he represents the additional proposed plaintiffs but he has not met all of them personally. See Transcript of

Hearing at 3:22-4:1 (taken July 13, 2009)("Hearing Tr.")(Brown).[1]  Mr. Brown also expressed concern that the inmates all have "unique circumstances," but may not want to join the action individually, for fear of retaliation by the prison.  Hearing Tr. at 6:4-8.  Javier Junco, attorney for the State Defendants, stated for the record that the State Defendants do not take a position regarding the inclusion of Wexford Corporation, Valencia County or the Village of Los Lunas.  See Hearing Tr. at 12:3-9 (Junco).  Mr. Junco also stated that the State Defendants object to Lymon's attempts to assert (i) class certification, (ii) joinder of the twenty-one additional plaintiffs, and (iii) inclusion of counts 15, 17, and 18 in the proposed amended complaint.  See Hearing Tr. at 13:2-8 (Junco).

**ANALYSIS**

Rule 23 permits a plaintiff to sue on behalf of all members of a class if the plaintiff can show numerosity, commonality, typicality, and adequacy.  See Fed. R. Civ. P. 23(a).  Rule 20 permits a plaintiff to join additional plaintiffs that assert a right to relief with respect to or arising out of the same transaction, occurrence, or series of occurrences, and which raises any question of law or fact common to all plaintiffs.  See Fed. R. Civ. P. 20(a).  Though both rules serve the purpose of allowing multiple parties to receive an efficient determination of common questions of law and fact, the two rules serve distinct procedural purposes and are not meant to function interchangeably.  Indeed, each rule has distinct requirements that the plaintiff has the burden of demonstrating.

Lymon needs to decide whether he seeks to go forward with his action as an action with joined plaintiffs or as a class action, and then needs to redraft the second amended complaint to reflect his decision.  The Court, therefore, denies Lymon's motion to amend without prejudice to him renewing his motion after Lymon decides how he wishes to proceed with this action.  Before

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited verison.  Any final transcript may contain different page and/or line numbers.

seeking to file a second amended complaint, Lymon needs to decide whether the plaintiffs will be added as parties, or whether he will attempt to litigate on the other inmates' behalf, and present the Court with a proposed amended complaint that reflects his decision.

**IT IS ORDERED** that Plaintiff Davon Lymon's Opposed Motion to File a Second Amended Complaint is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Solomon Brown
Albuquerque, New Mexico

 *Attorney for the Plaintiff*

Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

 *Attorneys for Defendants Aramark Corporation, Joseph Neubauer, Charlie Carrizales*

Sean Olivas
Javier F. Junco
Keleher & McLeod, P.A.
Albuquerque, New Mexico

 *Attorneys for Defendants John Sanchez, Abner Hernandez, Joe Williams,*
 *New Mexico Department of Corrections*