IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVON LYMON,

    Plaintiff,

vs.                                                                                No. CIV 08-0386 JB/DJS

ARAMARK CORPORATION, JOSEPH NEUBAUER,
CHARLIE CARRIZALES, BERTHA BENAVIDEZ,
JOHN SANCHEZ IN HIS OFFICIAL CAPACITY
AND INDIVIDUAL CAPACITY, ABNER HERNANDEZ,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,
JOE WILLIAMS as SECRETARY
OF THE NEW MEXICO DEPARTMENT
OF CORRECTIONS IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, and the NEW MEXICO
DEPARTMENT OF CORRECTIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Plaintiff Davon Lymon's Reconsideration Motion to File a Second Amended Complaint for Class Certification, filed July 25, 2009 (Doc. 49). The Court held a hearing on December 3, 2009. The primary issue is whether the Court should permit Lymon to file a second amended complaint to reassert his claims as a class action and to include four new claims. Because the amendments Lymon seeks to make in the amended complaint would be futile, and because granting the motion to amend would cause undue delay and undue prejudice, the Court will deny Lymon's motion to amend to assert a class action and adding additional claims.

## PROCEDURAL BACKGROUND

    Lymon's case was originally filed pro se in state court on August 26, 2005, alleging damages

arising out of injuries he sustained from work that he was required to do in the prison kitchen while an inmate at the Central New Mexico Correctional Facility in Valencia County, New Mexico. See Complaint at 1 (Doc. 1-4). Counsel for Lymon, Mr. Solomon Brown, first appeared for Lymon in the case in state court on September 5, 2007. The case was removed to federal court on April 14, 2008.

On February 9, 2009, the Court granted Lymon's first motion to amend his complaint. See Memorandum Order and Opinion, filed February 4, 2009 (Doc. 22). On April 23, 2009, Lymon filed an opposed motion to file a second amended complaint to add twenty-one inmates to the complaint either as a class action pursuant to rule 23 of the Federal Rules of Civil Procedure, or using rule 20 joinder. See Plaintiff Davon Lymon's Opposed Motion to File a Second Amended Complaint, filed April 23, 2009 (Doc. 35). The Court held a hearing on July 13, 2009 and instructed Lymon that he needed to decide whether to proceed under rule 23 or rule 20, and denied his motion without prejudice.[1]

On July 26, 2009, Lymon filed a motion asking the Court to reconsider its decision not to allow him to file a second amended complaint and asserting a class under rule 23(b)(1)(A). See Motion at 1. Lymon's motion asks the Court to consider his motion to amend only as a petition for class certification under rule 23. See Motion at 1. Defendants John Sanchez, Abner Hernandez, Joe Williams, and the New Mexico Department of Corrections (collectively "NMDC Defendants") oppose the motion to amend to assert class claims because Lymon fails to satisfy the requirements of rule 23, and also oppose the inclusion of Counts 15, 17, and 18 in any proposed complaint by Lymon because those claims contain allegations made exclusively by the twenty-one proposed

---

[1] The Court memorialized its instruction to Lymon at the hearing in its Memorandum Opinion and Order, filed October 7, 2009 (Doc. 59).

inmate-plaintiffs and not by Lymon. See Defendant John Sanchez', Abner Hernandez', Joe Williams', and the New Mexico Department of Corrections' Response to Plaintiff Davon Lymon's Reconsideration Motion to File a Second Amended Complaint for Class Certification at 3, filed August 10, 2009 (Doc. 51)("NMDC Response").

The NMDC Defendants argue that Lymon fails to meet the commonality and typicality requirements of rule 23(a) and fails to satisfy any requirements of rule 23(b).  The NMDC Defendants argue that commonality has not been shown because there are no questions of fact or law which are common to both Lymon and the twenty-one additional inmates offered for class membership. See NMDC Response at 4-5.  They argue that the questions of fact regarding Lymon's case, according to Lymon's Proposed Second Amended Complaint, are whether Lymon was misclassified and forced to do work which he was physically unable to do, resulting in his shoulder giving out and him slipping and falling. See Plaintiff Davon Lymon's Second Amended Complaint for Negligence, Bodily Injury and Claims Under 42 U.S.C. Sections 1983 and 1981 ¶¶ 9-17, filed July 25, 2009 (Doc. 49)("Proposed Second Amended Complaint").  The questions of fact concerning the twenty-one additional inmates offered for class membership are whether unsafe, unsanitary and/or infection conditions present in the kitchen caused injury to inmates who worked there. See Proposed Second Amended Complaint ¶¶ 100, 102.  The NMDC Defendants also contend that Counts 1 through 14 and Count 16 assert causes of action involving alleged violations of rights that impacted Lymon and not the twenty-one inmates offered for class membership.  See NMDC Response at 6.  On the other hand, Counts 15, 17, and 18 assert causes of action involving the twenty-one inmates but are not related to Lymon's claims.

The NMDC Defendants further argue that typicality has not been satisfied because Lymon's claims arise from being forced to do work beyond his physical capacity, whereas injuries proposed

in the Proposed Second Amended Complaint of the twenty-one inmates are tied to allegedly unsafe, unsanitary conditions in the prison kitchen. See NMDC Response at 14. Finally, the NMDC Defendants argue that Lymon has not satisfied the requirements of rule 23(b)(1), which Lymon asserts is the grounds for his class action, because there would be no incompatible standards of conduct -- the conduct that would be regulated in Lymon's suit, if separate from a suit brought by the twenty-one inmates, would not be the same conduct that would be regulated in the inmates' suit. See NMDC Response at 16-17.

Defendants Aramark Correctional Services, LLC, Joseph Neubauer, and Charlie Carrizales (collectively "Non-State Defendants") also oppose the motion to amend. See Non-State Defendants' Responses to Plaintiff Lymon's Two Motions for Reconsideration [Docs. 47 and 49], filed August 13, 2009 (Doc. 52)("Non-State Defendants' Response"). The Non-State Defendants join in the NMDC Defendants' arguments against allowing the addition of class claims. See Non-State Defendants' Response at 3. The Non-State Defendants also argue that amendment to the First Amended Complaint at this stage is both untimely and improper. The Non-State Defendants argue that there has been no explanation why these proposed class claims were not raised in the twenty-two months since Mr. Brown began representing Lymon in this case. See Non-State Defendants' Response at 6. The Non-State Defendants argue the conversion of the case into a class action at this stage turns the case into a moving target for all of the Defendants and such delay warrants denial of the motion to amend. The Non-State Defendants also contend that undue prejudice to the Defendants will result if Lymon is permitted to shift the case into a class action and expand the causes of action. They also argue that there has already been prejudice to the Defendants based on the amount of time that has passed since the original complaint was filed in 2005. The Non-State Defendants contend that, with each day that passes, it becomes more difficult to locate witnesses and

to rely on the memories of those witnesses.  See Non-State Defendants' Response at 7.

At the hearing on the motion, Mr. Brown argued that the class is all those classified to work in the kitchen and injured in the kitchen at the correctional facility.  See Transcript of Hearing at 10-18-25 (taken December 3, 2009)("Tr.")(Court, Brown).[2]  Mr. Brown also stated that he has never handled a class action before and that this would be his first one.  See Tr. at 12:9-13 (Court, Brown).

## LAW REGARDING MOTIONS TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.  Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(internal citations, quotation marks, and bracket omitted).  "Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited verison.  Any final transcript may contain different page and/or line numbers.

requirement does not apply where an amendment obviously would be futile." TV Comms. Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992)(citing Forman v. Davis, 371 U.S. 178, 182 (1962)).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)(citing Jefferson County Sch. Dist. v. Moody's Investor's Services, 175 F.3d 848, 859 (10th Cir. 1999).

The United States Court of Appeals for the Tenth Circuit has not addressed how to treat a motion to amend to assert class claims when it is clear that the proposed amendment would fail as a matter of law at the class-certification stage.  Some courts, when contemplating a motion to amend to add a class claim, have undertaken a preliminary rule 23 analysis, even though rule 15(a) does not mention such a layer of review.  See Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1033 (6th Cir. 1992)(upholding the district court's denial of plaintiff's motion to amend upon determining that the proposed amended complaint was "insufficient as a matter of law to satisfy the required prerequisites set out in Rule 23(a) necessary to maintain a class action."); Presser v. Key Food Stores Coop., Inc., 218 F.R.D. 53, 56 (E.D.N.Y. 2003)(stating that when the motion to amend seeks to add a class claim, to determine whether the proposed amendment is futile, "it is necessary to evaluate the likelihood that [the] proposed class will be certified pursuant to Fed. R. Civ. P. 23.").  When conducting the analysis, these courts seem to apply a heightened rule 15 standard, because they incorporate a preliminary rule 23 evaluation into it, and a more lenient rule 23 analysis in assessing the futility of the amendment.  See Presser v. Key Food Stores Coop., Inc., 218 F.R.D. at 57; Landgraff v. GEMB, No. 06-1703, 2007 U.S. Dist. LEXIS 26907, at **8-9 (E.D. Pa. Apr. 10, 2007).

Undue delay occurs where the plaintiff's amendments "make the complaint 'a moving target.'" Minter v. Prime Equip. Co, 451 F.3d 1196, 1206 (10th Cir. 2006)(quoting Viernow v. Euripides Dev. Corp., 157 F.3d 785, 799-800 (10th Cir. 1998)).  "A party who delays in seeking

an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." Minter v. Prime Equip. Co, 451 F.3d at 1205 (citation omitted). The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Minter v. Prime Equip. Co, 451 F.3d at 1205 (citing Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). Undue delay may also occur where a plaintiff was aware of all the information on which the proposed amendment is based before the filing of an earlier complaint. See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)(noting motion to amend filed "was not based on new evidence unavailable at the time of the original filing").

## RULE 23

Under rule 23(a), a class action may be maintained only if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). To have a class action, the class must also satisfy one of the provisions of rule 23(b). See Dixon v. Valdez, 167 F.R.D. 688, 690 (D.N.M. 1996)(Black, J.)(quoting Sollenbarger v. Mountain States Tel. & Tel. Co., 121 F.R.D. 417, 423 (D.N.M. 1988)).

Rule 23(a)(3) requires that the named representative's claims be typical of the class' claims. See Fed R. Civ. P. 23(a)(3). The essential characteristics of the named plaintiffs' claims must be the same as or similar to the class' claims -- but they need not be identical. The Tenth Circuit has affirmed that factual differences among some of the class members will "not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the

same legal or remedial theory." Adamson v. Bowen, 855 F.2d 668, 676 (10th Cir. 1988). "It is to be recognized that there may be varying fact situations among individual members of the class and this is all right so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory." Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1189 (10th Cir. 1975).

To protect the due-process interests of unnamed class members -- who are bound by any judgment in the action -- rule 23(a)(4) requires that the named representative provide fair and adequate protection for the class' interests. See Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 379 n.5 (1996)(characterizing adequacy of representation as a constitutional requirement); Lile v. Simmons, 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001)("Due process requires that the Court 'stringently' apply the competent representation requirement because class members are bound by the judgment (unless they opt out), even though they may not actually be aware of the proceedings."). The Tenth Circuit has identified two questions relevant to the adequacy of representation inquiry: (i) whether the named plaintiffs and their counsel have any conflicts with other class members; and (ii) will the named plaintiffs and their counsel vigorously prosecute the action on behalf of the class. See Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1187-88 (10th Cir. 2002). In considering this second question, the experience and competence of the attorney representing the class may inform the court's analysis. See Lopez v. City of Santa Fe, 206 F.R.D. 285, 289-90 (D.N.M. 2002)(Vazquez, J.).

## ANALYSIS

The grant of leave to amend the complaint pursuant to rule 15(a) is within the discretion of the Court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. at 330. Lymon has brought before the Court a motion to amend mixed with a request for class certification. While the Court does not believe it is fair to a plaintiff to deny a motion for class certification without some

discovery, when the Court, experienced with class actions, knows that it will not allow a class action to proceed, nothing is saved by allowing amendments to add class claims, putting the parties through the expense of class discovery and a class certification hearing, and then denying class certification. The Court is concerned that this case presents a situation where it can be confident that, for a number of reasons, it will not allow the case to proceed as a class action. Because the Court finds that Lymon's proposed amendments are futile, because they are insufficient to satisfy rule 23's prerequisites for maintaining a class action, and because granting the motion to amend will cause undue delay and unduly prejudice the other parties, the Court will deny Lymon's motion.

Rule 15's admonition that leave to amend be given freely does not apply where an amendment would be futile. See TV Comms. Network, Inc. v. Turner Network Television, Inc., 964 F.2d at 1028 (citing Forman v. Davis, 371 U.S. at 182). The amendment to add class claims is considered futile if the proposed amendment is unlikely to create a class which will be certified pursuant to rule 23. See Presser v. Key Food Stores Coop., Inc., 218 F.R.D. at 56. Lymon's proposed amended complaint, therefore, must demonstrate a likelihood of meeting the requirements of numerosity, commonality, typicality, and adequate representation. See Fed. R. Civ. P. 23(a). Upon careful review of the Proposed Second Amended Complaint, the Court finds that Lymon's proposed amendments do not demonstrate such a likelihood of meeting the requirements of class certification that the Court should halt, again, this long pending case and consider class allegations.

First, Lymon has not shown, and is unlikely to be able to show, commonality.[3] Rule 23(a)(2)

---

[3] The Court is not convinced that this proposed class action even satisfies the numerosity requirement. While Mr. Brown's oral definition of his class may be larger, twenty-one class members is at the low end of the range of class sizes for which courts have certified classes. When the Court required Lymon to select between joinder or a class action, the Court was surprised he chose the class-action device to try to litigate others' claims. In any case, the Court believes that, in a case such as this one, it would be best to join the inmates with grievances, rather than try to

requires Lymon to show that there are questions of law or fact common to all class members. The Proposed Second Amended Complaint does not show common questions of fact. Indeed, the Statement of Facts refers only to Lymon, his personal medical condition, his classification to work in the prison kitchen, and an injury he sustained from heavy lifting. See Proposed Second Amended Complaint ¶¶ 7-18, at 2-4. Lymon does not assert facts about any other inmates, including the twenty-one individually named inmates who Lymon proposes as class members. The Proposed Second Amended Complaint is devoid of any facts describing who they are, what their injuries are, or who caused those injuries. There are also no common questions of law asserted. The overwhelming majority of the claims assert injuries or harm only to Lymon, and do not assert injuries to any of the twenty-one proposed class members, or to anyone else. The only claims that may relate to the twenty-one inmates of the proposed class are the three new claims Lymon has asserted, Counts 15, 17 and 18. These claims, however, do not correspond to the facts that Lymon asserts about his shoulder injury, so while they may relate to the proposed inmate class members, they are not linked to Lymon. Lymon has not demonstrated common questions of law and fact between Lymon and the proposed class members, as rule 23 requires. While Lymon may need to show only one common question to satisfy rule 23(a), Lymon has not been clear at this stage what that question is, and it is clear that the uncommon issues will vastly exceed any common one that may be identified.

    Lymon asserts that he has demonstrated typicality because "the representative parties are all inmates whose theories of action are similar to theories of injury of members of the class. They all

---

define a class. In any case, regardless what other courts have done with such few members, this Court is unlikely to certify a class under these circumstances with so few members. If these twenty-one inmates want to litigate their claims, it would be best for them to initiate a separate action, or individual actions.

complain about the kitchen, exposure in the kitchen, or injury from what happens in the kitchen." Proposed Complaint ¶ 102(iii). Lymon, however, has asserted that he was misclassified and forced to do work beyond his physical capacity, and thus injured his shoulder, which caused him to slip and fall. Although this injury took place in the kitchen, Lymon's facts do not suggest that the injury was a result of exposure to a kitchen. Lymon's claim is thus not typical of the claims of the proposed twenty-one inmates -- alleged exposure to unsafe and unsanitary conditions in the kitchen. See See Proposed Second Amended Complaint ¶ 100, at 21-22. The Proposed Second Amended Complaint states that the "Plaintiff has suffered some of the same injuries from the kitchen as the other named inmates," Proposed Second Amended Complaint ¶ 100, at 21-22, but the only injury alleged by Lymon is his shoulder giving out, causing him to slip and fall, which caused severe pain, and the Proposed Second Amended Complaint describes no alleged injuries to any of the individual twenty-one proposed class members, or any other inmate. The Court finds that it is unlikely that Lymon could satisfy the typicality requirement of rule 23(a)(3).

Moreover, Lymon, through his counsel Mr. Brown, is not an appropriate or adequate representative of the class. The Court considers the experience and competence of the attorney representing the class to determine adequate representation. See Lopez v. City of Santa Fe, 206 F.R.D. at 289-90. Mr. Brown has never prosecuted a class action before, and although the Court acknowledges that there must be a first time for everyone, Mr. Brown's inexperience with class actions is yet another factor in the Court's determination that Lymon's proposed amendments would be futile. See Herisko v. Merrill, Lynch, Pierce, Fedder & Smith, Inc., No. 89-1825, 1991 U.S. App. LEXIS 2130, *26 (1st Cir. Jan. 31, 1991)("[T]he district court was within its discretion in determining that [the plaintiff] was not an appropriate representative of the class and therefore denying the motion to amend the complaint to add the class claim."). Given the difficulty of getting

this case -- now four years old -- off the ground, it is unlikely that the Court would allow Lymon and Mr. Brown to assume the fiduciary role of representing twenty-one other inmates. The other inmates would be better served filing a separate action or individual actions.

In addition to deciding whether the proposed amendments to the complaint are futile, the Court may also consider whether there has been a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, or failure to cure deficiencies by amendments previously allowed. See Frank v. U.S. West, Inc., 3 F.3d at 1365-66. Lymon filed his case over four years ago, and counsel has represented Lymon since September of 2007. Undue delay occurs where the plaintiff's amendments "make the complaint 'a moving target.'" Minter v. Prime Equip. Co, 451 F.3d 1196, 1206 (10th Cir. 2006)(quoting Viernow v. Euripides Develop. Corp., 157 F.3d 785, 799-800 (10th Cir. 1998)). Undue delay may also occur where a plaintiff was aware of all the information on which the proposed amendment is based before the filing of an earlier complaint. See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)(noting motion to amend filed "was not based on new evidence unavailable at the time of the original filing"). The NMDC Defendants argue that Lymon's attempt to convert his Complaint into a class action, with allegations largely unrelated to Lymon's own claims, is an attempt to make the Complaint a moving target by changing the direction of the complaint and expanding the claims. Lymon has not given the Court any justification for why he is proposing these amendments so late in the process, nor has he provided a reason why he did not propose these amendments at the time that he brought the first motion to amend before the Court in April of 2008. The Court finds that Lymon's undue delay in reframing the complaint as a class action weighs against granting his motion to amend.

Finally, the Court also weighs the possibility of undue prejudice to the Defendants if the Court grants the motion to amend. See United States v. Hougham, 364 U.S. 310, 316 (1960)("Rule

15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."); Evans v. McDonald's Corp., 936 F.2d 1087, 1090-91 (10th Cir. 1991)("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . , provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits."). If the Court grants Lymon's motion to amend, the case will shift, not only in terms of parties, but also will shift focus and expand in claims, from what started as a single shoulder injury accompanied by a slip and fall into a wide variety of alleged health conditions involving contageous diseases and unsanitary kitchen conditions. The Court finds that such a dramatic shift in the case more than four years after the commencement of Lymon's action will greatly prejudice the Defendants. The Court has been unable to get the case moving with discovery and other deadlines, and it does not appear prudent to delay Lymon's case further so that others can litigate their cases. The Court, therefore, will deny Lymon's motion to amend his complaint. In denying Lymon's motion, the Court notes that the twenty-one inmates proposed as class members are not precluded from filing suit, separate from Lymon, asserting their claims regarding the alleged unsanitary conditions of the prison kitchens. Because the facts of the inmates' claims and Lymon's claims are so different, separate actions would not create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct. If the twenty-one inmates were to proceed in their own suit, it might result in stricter standards concerning the allegedly unsafe and unsanitary conditions in the kitchen. Such a finding will not be foreclosed by Lymon's suit alleging improper classification of inmates for work that they are physically unable to do.

**IT IS ORDERED** that Plaintiff Davon Lymon's Reconsideration Motion to File a Second Amended Complaint for Class Certification is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Solomon Brown
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Aramark Correctional*
      *Services, LLC, Joseph Neubauer, and*
      *Charlie Carrizales*

Sean Olivas
Javier F Junco
Keleher & McLeod, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants John Sanchez,*
      *Abner Hernandez, Joe Williams, and*
      *New Mexico Department of Corrections*