## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DAVON LYMON,

   Plaintiff,

vs.              No. CIV 08-0386 JB/DJS

ARAMARK CORPORATION, JOSEPH NEUBAUER,
CHARLIE CARRIZALES, WEXFORD CORPORATION,
JOHN SANCHEZ IN HIS OFFICIAL CAPACITY
AND INDIVIDUAL CAPACITY, ABNER HERNANDEZ,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,
JOE WILLIAMS as SECRETARY
OF THE NEW MEXICO DEPARTMENT
OF CORRECTIONS IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, and the NEW MEXICO
DEPARTMENT OF CORRECTIONS,

   Defendants.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Defendant Wexford Health Sources, Inc.'s

Motion for Dismissal, filed January 7, 2010 (Doc. 74).  The Court held a hearing on May 19, 2010.

The primary issues is whether the Court should dismiss, pursuant to rule 12(b)(6) of the Federal

Rules of Civil Procedure, Plaintiff Davon Lymon's claims against Defendant Wexford Health

Sources, Inc., named in the Second Amended Complaint as Wexford Corporation

(hereinafter "Wexford"), because the claims are untimely.  Because the Court finds that the

applicable statutes of limitations bar the claims in Count XV asserted against Wexford, the Court

will dismiss Count XV and will dismiss Wexford as a party to the case.

## FACTUAL BACKGROUND

  At all times relevant to the Complaint, Lymon was an inmate at the Central New Mexico

Correctional Facility in Valencia County, Los Lunas, New Mexico.  See Plaintiff Davon Lymon's Second Amended Complaint for Negligence, Bodily Injury and Claims Under 42 U.S.C. Sections 1983 and 1985 ¶ 1, at 1, filed December 14, 2009 (Doc. 69)("Second Am. Complaint").  Wexford, pursuant to a contract with the New Mexico Department of Corrections, provided medical care for inmates.  See Second Am. Complaint ¶ 1, at 1; Defendant Wexford's Answer ¶1, at 1, filed January 7, 2010 (Doc. 73).  Lymon alleges that he had a pre-existing injury to his left shoulder rotator cuff and did not receive a medical clearance before being assigned to work in the prison kitchen.  See Second Am. Complaint ¶ 2, at 1.  He alleges that on September 23, 2004, a pass was placed in his medical records, stating that he was prohibited from lifting objects with his left arm. See Second Am. Complaint ¶ 13, at 3.  He also alleges that Nurse Jessica Garcia issued a prison health services pass prohibiting him from lifting objects.  See Second Am. Complaint ¶ 14, at 3. Lymon alleges that Defendant John Salazar, a prison classification officer, classified Lymon to work in the prison kitchen.  See Second Am. Complaint ¶ 10, at 3.

Lymon's claims, according to his Second Amended Complaint, arise out of events that occurred on July 3, 2005.  He alleges that on July 3, 2005, at 1:00 p.m., Defendant Bertha Benavidez, an employee of Defendant Aramark Corporation, assigned Lymon back-porter work, which involved frequent heavy lifting.  See Second Am. Complaint ¶ 16, at 4. Lymon alleges that, while lifting heavy trays in the dish room, his shoulder gave out, causing him to slip and fall, and causing him severe pain for which he sought medical care.  See Second Am. Complaint ¶ 17, at 4.  He alleges damages arising out of the injuries he sustained.  See Second Am. Complaint at 20.

**PROCEDURAL BACKGROUND**

Lymon filed his case pro se in state court on August 26, 2005, alleging damages arising out

of the injuries he sustained from the back-porter work that he was required to do in the prison kitchen while an inmate at the Central New Mexico Correctional Facility.  See Complaint (Doc. 1-4).  Lymon's original Complaint in state court asserted claims against Defendants John Sanchez, Aramark Corporation, Joseph Neubauer, Charlie Carrizales, and Bertha Benavidez.  See Notice of Removal ¶¶ 1-2, at 2, filed March 14, 2008 (Doc. 1).[1]  Neither Wexford nor any of its employees were named as defendants in Lymon's original complaint.  Counsel for Lymon, Mr. Solomon Brown, first appeared for Lymon in the case in state court on September 5, 2007.  The state court dismissed the original complaint on February 12, 2008 and granted Lymon leave to amend within thirty days.  See Notice of Removal ¶ 4, at 2.  On March 13, 2008, Sanchez, Aramark, Neubauer, and Carrizales were served with an amended complaint, and they removed the case on April 14, 2008.  See Notice of Removal ¶¶ 5-6, at 2.  Because, upon removal, the state-court record was unclear as to the extent of the state court's ruling granting Lymon leave to amend, on February 4, 2009, the Court granted Lymon leave to amend his Complaint.  See Memorandum Opinion and Order at 11, filed February 4, 2009 (Doc. 22).  On February 13, 2009, Lymon filed his First Amended Complaint.  See Plaintiff Davon Lymon's First Amended Complaint for Negligence, Bodily Injury and Claims Under 42 U.S.C. Sections 1983 and 1981, filed February 13, 2008 (Doc. 23).  The First Amended Complaint added Defendants Abner Hernandez, Joe Williams, and

---

[1] Lymon filed a Default Judgment Motion Against Bertha Benavidez on October 1, 2008 (Doc. 10), which the Court denied because the record reflected that Benavidez had not been served.  See Order, filed February 2, 2009 (Doc. 19).  Aramark represented in its response to Lymon's motion that no one by the name of Bertha Benavidez worked in the Central New Mexico Correctional Facility nor does it know if such a person exists.  See Certain Defendants' Response to Motion for Default Judgment Against Bertha Benavidez, filed November 13, 2008 (Doc. 13).  When Lymon filed his Second Amended Complaint, he removed Benavidez from the caption.  Benavidez, therefore, was terminated as a defendant on December 14, 2009, per Lymon's Second Amended Complaint.  See Second Am. Complaint at 1.

the New Mexico Department of Corrections.

On April 23, 2009, Lymon filed an opposed motion to file a second amended complaint to add twenty-one inmates to the complaint, either through the device of a class action pursuant to rule 23 of the Federal Rules of Civil Procedure or through rule 20 joinder.  See  Plaintiff Davon Lymon's Opposed Motion to File a Second Amended Complaint ¶ 5, at 2, filed April 23, 2009 (Doc. 35).  Lymon also sought to add Wexford, Valencia County, and the Village of Los Lunas as defendants.  See id. ¶ 3, at 2.  The Court held a hearing on July 13, 2009.  At that hearing, the Court instructed Lymon that he needed to decide whether to proceed under rule 23 or rule 20, and denied his motion without prejudice.[2]  Lymon filed a motion for reconsideration, renewing his request for leave to amend to add Wexford, but not seeking reconsideration to permit leave to add Valencia County or the Village of Los Lunas.  See Plaintiff Davon Lymon's Motion for Reconsideration of the Court's Denial of His Opposed Motion to File a Second Amended Complaint Adding Wexford Corporation as a Defendant at 1-2, filed July 24, 2009 (Doc. 47).[3]  The motion to amend to add Wexford as a Defendant was unopposed, and the Court granted Lymon leave to add Wexford as a defendant.  See Order, filed December 12, 2009 (Doc. 67).  Lymon also filed another motion for reconsideration, requesting only class certification under rule 23 and abandoned his earlier request to join additional plaintiffs under rule 20.  See Plaintiff Davon Lymon's Reconsideration Motion to File a Second Amended Complaint for Class Certification, filed July 25, 2009 (Doc. 49).

---

[2] The Court memorialized its instruction to Lymon at the hearing in its Memorandum Opinion and Order, filed October 7, 2009 (Doc. 59).

[3] Lymon also filed an affidavit on July 24, 2009, following the filing of his motion for reconsideration.  See Affidavit of Davon Lymon (executed July 22, 2009), filed July 24, 2009 (Doc. 48)("Lymon Aff.").  In his affidavit, Lymon discusses Wexford and states: "I have hepatitis C. The Wexford medical clinic follow-up has not kept me aware of whether this condition is active or dormant on a continuous basis."  Lymon Aff. ¶ 5, at 2.

The Court denied the motion to amend to add a class action, finding such an amendment would be futile and would prejudice the Defendants.  See Memorandum Opinion and Order, filed December 12, 2009 (Doc. 68).

Lymon filed his Second Amended Complaint on December 14, 2009.  See Doc. 69.  The Second Amended Complaint contains fifteen counts.  Lymon asserts Counts I through VIII, XIII, and XIV against either one or more of the State Defendants[4] or all Defendants, except Wexford. Lymon asserts Counts IX, X, XI, and XII against Aramark, Neubauer, Carrizales, and Benavidez ("the Aramark Defendants"), which allege § 1983 claims for violations of the Fourteenth Amendment (Counts IX, X, and XI), and a claim for intentional infliction of emotional distress (Count XII).  See Second Am. Complaint ¶¶ 60-75, at 14-18.  Lymon asserts claims for medical malpractice and deliberate indifference to Lymon's medical condition in Count XV against Wexford.  See Second Am. Complaint ¶¶ 84-88, at 20.  The Court dismissed the claims asserted against the State Defendants in Counts I, II, III, IV, V, VI, VII, VIII, XIII, and XIV for failure to state claims pursuant to rule 12(b)(6) and dismissed the State Defendants from the case. See Memorandum Opinion and Order, filed July 7, 2010 (Doc. 92).

Wexford moves the Court, pursuant to rule 12(b)(6), to dismiss Count XV asserted against it with prejudice and dismiss Wexford from the case.  Wexford filed a memorandum in support of its motion.  See Memorandum in Support of Defendant Wexford Health Sources, Inc.'s Motion for Dismissal, filed January 7, 2010 (Doc. 74-1).  Wexford argues that Lymon's claims arise out of events that occurred on July 3, 2005, more than four years and five months before the filing of the operative Second Amended Complaint.  See Motion at 1.  Wexford argues that Lymon's claims in

_____

[4] Sanchez, Hernandez, Williams, and the New Mexico Department of Corrections are collectively the "State Defendants."

-5-

Count XV -- which Wexford states it has liberally construed as claims for medical malpractice and deliberate indifference to a serious medical need -- do not meet the requirements of the relation-back rule in rule 15(c), and thus Lymon's claims against Wexford are untimely under the applicable three-year statute of limitations for the federal claims and the applicable two-year statute of limitations for the state claims set forth in NMSA 1978, § 41-4-15A, under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 through 41-4-27 ("NMTCA").  See Motion at 2.  In response, Lymon argues that he has asserted a contract claim against Wexford and thus the applicable statute of limitations is six years.  See Plaintiff's Response Memorandum to Wexford Defendant's Motion for Dismissal at 3, filed January 29, 2010 (Doc. 75).  Lymon also asserts that equitable tolling should apply to untimely claims because parties in privity with Wexford were aware of Lymon's motions to amend.  See Response at 5-6.  Lymon also argues that the statute of limitations has not yet begun to run because "Plaintiff still does not understand the nature of his injury because without a MRI even the doctors do not know the full extent of injury."  Response at 10.

Wexford argues, in reply, that, even if a cause of action is contractual in nature, but in effect is one for recovery of damages for personal injury, the statute of limitations for injuries to a person applies.  See Defendant Wexford Health Sources, Inc.'s Reply in Support of Its Motion for Dismissal at 2, filed February 10, 2010 (Doc. 77)(citing Chavez v. Brown Pipe & Supply of Albuquerque, Inc., 70 N.M. 439, 443, 374 P.2d 497, 500 (1962)).  Because Lymon is seeking damages for injuries he suffered doing heavy-lifting in the kitchen, the personal-injury statute of limitations applies, and Lymon's claims are untimely.  See Reply at 2-3.  Wexford also argues that equitable tolling is not appropriate, because Lymon has not shown an extraordinary event beyond his control which prevented him from filing a timely suit against Wexford.  See Reply at 3-4.  The relation-back doctrine is also inapplicable, Wexford argues, because Lymon has not shown that

Wexford had prior notice of his lawsuit or should have known about his lawsuit.  <u>See</u> Reply at 4. Finally, Wexford contends that Lymon's argument in his response that his claims against Wexford have not yet accrued because he has not had an MRI is frivolous.  <u>See</u> Reply at 5.

At the hearing, James R. Wood, Wexford's counsel, argued that the law is established that an attorney's argument that a claim for personal injury is a contract claim, not a tort claim, does not change that the applicable statute of limitations is that for personal-injury claims.  <u>See</u> Transcript of Hearing at 85:19-86:1 (taken May 19, 2010)("Tr.")(Wood).[5]  Mr. Wood further argued that equitable tolling is inappropriate in this case because Wexford had no control over the actions of other parties in the case before it was named as a Defendant.  <u>See</u> Tr. at 86:2-15 (Wood).  Mr. Wood further argued that the relation-back doctrine is also inapplicable, because Lymon offered no evidence demonstrating that Wexford had knowledge of this case before it was named as a Defendant.  <u>See</u> Tr. at 86:16-24 (Wood).  Mr. Wood also argued that Lymon fails to state a claim for deliberate indifference, because Lymon received medical care but disagrees with the care that he received, and the Tenth Circuit has found that such complaints to do not rise to the level of a deliberate indifference claim.  <u>See</u> Tr. at 88:21-89:2 (Wood).   In response, Solomon Brown, Lymon's attorney, argued that, because Lymon's first pro-se complaint filed in state court stated that Wexford's employee, Nurse Jessica Garcia, provided instructions that Lymon should not do heavy lifting, Wexford was on notice that it was involved in this case and equitable tolling should apply to the statute of limitations.  <u>See</u> Tr. at 92:23-93:4 (Brown).

## <u>STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which

---

[5] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

the court can grant relief.  Under rule 12(b)(6), a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations."  Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976)(citing Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969)).  When ruling on a motion to dismiss, the court must accept as true well-pleaded factual allegations, but also consider whether "they plausibly give rise to an entitlement to relief."  Barrett v. Orman, No. 10-7000, 2010 U.S. App. LEXIS 7807, at *5 (10th Cir. Apr. 15, 2010)(quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)).  It is not the court's role to weigh potential evidence that the parties might present a trial, but rather to determine whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief.  See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 129 S. Ct. at 1949 (internal alterations, citations, and quotations omitted).  See Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")(quoting Ashcroft v. Iqbal, 129 S. Ct. at 1949).  But dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (internal citation omitted).  "[T]he Supreme Court recently

-8-

. . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).  "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 547)(alterations omitted).  "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S. Ct. at 1949. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (emphasis in original).  The court is not required to accept the conclusions of law or asserted application of law to the alleged facts.  See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994); Olpin v. Ideal Nat'l Ins. Co., 419 F.2d 1250, 1255 (10th Cir. 1969).  Nor is the Court required to accept as true legal conclusions that are presented as factual allegations.  See Brooks v. Sauceda, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000)(citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  In Bell Atl. Corp. v. Twombly, the Supreme Court noted that the complaint provided "no clue as to which of the four [regional phone companies] (much less their employees) supposedly agreed, or when and where the illicit agreement took place." 550 U.S. at 565 n.10.  The Supreme Court explained that "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin."  550 U.S. at 565 n.10

A motion to dismiss is a request to dismiss a case before discovery has taken place and thus permits only an assessment whether a complaint is sufficient on its face.  In adjudicating a motion

to dismiss, a court may neither grant the motion because it believes it is unlikely the plaintiff can prove the allegations, see Robbins v. Oklahoma, 519 F.3d 1242, 1246 (10th Cir. 2008), nor may it "weigh potential evidence that the parties might present at trial" in assessing the motion's merit, Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2000)(quoting Sutton v. Utah State Sen. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)).

## LAW REGARDING STATUTES OF LIMITATIONS

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" Torrez v. Eley, No. 09-1464, 2010 U.S. App. LEXIS 9997, at *6 (10th Cir. May 17, 2010)(quoting Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). See Lee v. Rocky Mountain UFCW Unions & Employers Trust Pension Plan, No. 92-1308, 1993 U.S. App. LEXIS 30478, at *1 (10th Cir. Nov. 23, 1993)("Because the critical dates appeared plainly on the face of [plaintiff's] complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context.").  When a party has asserted a statute of limitations issue in a rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run.  See Sunrise Valley, LLC v. Kempthorne, 528 F.3d 1251, 1254 (10th Cir. 2008).

### 1.    Statute of Limitations for 42 U.S.C. § 1983 Claims.

Section 1983 provides a remedy for constitutional violations that state actors commit. See Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995).  A § 1983 claim arising in New Mexico is subject to a three-year statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985) ("In view of our holding that § 1983 claims are best characterized as personal injury actions, the

Court of Appeals correctly applied the 3-year statute of limitations governing actions 'for an injury to the person or reputation of any person.'")(quoting NMSA 1978, § 37-1-8); <u>Mondragon v. Thompson</u>, 519 F.3d 1078, 1081 (10th Cir. 2008)("The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits."); <u>Jackson v. Bloomfield</u>, 731 F.2d 652, 654 (10th Cir. 1984)("We will henceforth apply the New Mexico three-year statute for an injury to the person to all section 1983 actions arising in that state, even though such actions may also be analogized to other limitations statutes.").

Accrual of a claim brought under § 1983 is governed by "federal rules conforming in general to common-law tort principles." <u>Wallace v. Kato</u>, 549 U.S. 384, 388(2007)("The accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.")(emphasis in original); <u>Fratus v. Deland</u>, 49 F.3d 673, 675 (10th Cir. 1995)("While state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims."). "In general, under the federal discovery rule, claims accrue and [t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." <u>Alexander v. Oklahoma</u>, 382 F.3d 1206, 1215 (10th Cir. 2004) (internal quotations omitted). The focus is "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm. In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." <u>Id.</u> at 1216 (internal citations omitted).

### 2. <u>Statute of Limitations for Claims Under the NMTCA.</u>

New Mexico's personal-injury statute provides that "[a]ctions must be brought . . . for an injury to the person or reputation of any person, within three years." NMSA 1978, § 37-1-8. Under § 41-4-5 of the NMTCA, "actions against a . . . public employee for torts shall be forever barred

unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ."  NMSA 1978, § 41-4-15A.  "The New Mexico Tort Claims Act expresses a clear public policy that tort claims against negligent New Mexico governmental entities should be allowed, but only if brought within two years of the date of the alleged tort."  Sam v. Estate of Benny Sam, 139 N.M. 474, 480, 134 P.3d 761, 767 (2006).  "[A] cause of action brought under Section 41-4-15(A) will accrue regardless of whether or not the plaintiff is aware of the full extent of his or her injury."  Maestas v. Zager, 141 N.M. 154, 160, 152 P.3d 141,148 (2007).  "Once a plaintiff has discovered his or her injury and the cause of that injury, the statute of limitations begins to run."  141 N.M. at 160, 152 P.3d at 148.  "A plaintiff's cause of action accrues when he or she understands the nature of his or her injury; that is, when the plaintiff knows or with reasonable diligence should have known of the injury and its cause."  141 N.M. at 160, 152 P.3d at 148.  "It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run."  Bolden v. Village of Corrales, 111 N.M. 721, 722, 809 P.2d 635, 636 (Ct. App. 1990).

## LAW REGARDING EQUITABLE TOLLING

Equitable tolling of a statute of limitations applies only in "rare and exceptional circumstances."  Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007)(quotations omitted).  "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quotations omitted).  See Ocana v. Am. Furniture Co., 135 N.M. 539, 547, 91 P.3d 58, 66 (2004)("Equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control.")(citing Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984).  "Such extraordinary

event[s] include conduct by a defendant that caused the plaintiff to refrain from filing an action during the applicable period." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007)(internal quotations omitted). See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(stating that the equitable remedy "would be appropriate, for example, when a [plaintiff] is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a [plaintiff] from timely filing, or when a [plaintiff] actively pursues judicial remedies but files a defective pleading during the statutory period."); In re Drummond, 123 N.M. 727, 732, 945 P.2d 457, 462 (Ct. App. 1997) (stating that "a party may be estopped from asserting a statute-of-limitations defense if that party's conduct has caused the plaintiff to refrain from filing an action until after the limitations period has expired.").

## LAW REGARDING THE RELATION-BACK DOCTRINE

Rule 15(c) provides that, where an amendment would add a party, "relation back" can occur if the party to be brought in by the amendment "has received such notice of the initiation of the action that the party would not prejudice in maintaining a defense on the merits." Brown v. Uniroyal, Inc., 108 F.3d 1306, 1307 (10th Cir. 1997). Relation back is

> dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known, that but for the mistake concerning identity, the action would have been brought against it; and (4) the second and third requirement must have been fulfilled within the prescribed limitation.

Id. at 1307 (quoting Schiavone v. Fortune, 477 U.S. 21, 29 (1986)). "Rule 15(c), which exists to protect defendants from unfair prejudice caused by a plaintiff's tardiness in naming them, applies to pro se complaints as to any others." Pierce v. Amaranto, 276 Fed. Appx. 788, 792 (10th Cir. 2008). Recently, in Krupski v. Costa Crociere S.P.A., No. 09-337, 2010 U.S. LEXIS 4567

-13-

(June 7, 2010), the Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness on seeking to amend the pleading." 2010 U.S. LEXIS 4567, at *8. The Supreme Court explained:

> [T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant. To the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a "mistake concerning the proper party's identity," a court may consider the conduct. Cf. Leonard v. Parry, 219 F.3d 25, 29 (1st Cir. 2000)("[P]ost-filing events occasionally can shed light on the plaintiff's state of mind at an earlier time" and "can inform a defendant's reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice)"). The plaintiff's postfiling conduct is otherwise immaterial to the question whether an amended complaint relates back.

2010 U.S. LEXIS 4567, at *29-30.

## ANALYSIS

Count XV of the Second Amended Complaint alleges that, after his fall in the prison kitchen "Wexford failed to provide adequate follow-up care in the form of diagnosis and treatment in that an MRI was not done to properly diagnosis [sic] his shoulder injury." Second Am. Complaint ¶ 85, at 20. He also alleges that "Wexford made a policy decision to avoid doing important medical treatment and diagnosis after it discovered its contract to provide medical services would not be renewed in complete disregard of Plaintiff's suffering from his shoulder condition." Second Am. Complaint ¶ 86, at 20. He further alleges that "Wexford failed to conduct intake physical examinations when inmates are admitted to the facility and testing for important infections [sic] diseases," and that "Wexford failed to provide orthopedic follow-up for Plaintiff and other inmate's [sic] continued medical complaints as reflected in a below standard Hepatitis C Clinic." Second Am. Complaint ¶¶ 87-88, at 20. Wexford moves for the Court to dismiss all claims asserted against

it because the applicable statutes of limitations bar Lymon's claims.

In his response, Lymon states: "He alleged damages arising out of injuries he sustained performing work he was required to do while working in the kitchen at the Central New Mexico Department of Corrections."  Response at 1.  The face of Lymon's Second Amended Complaint states when he sustained the injuries for which he seeks damages -- July 3, 2005.  See Second Amended Complaint ¶ 16, at 4.  The Court, therefore, may consider Wexford's statute-of-limitations argument raised in its rule 12(b)(6) motion because the material date appears on the face of the Second Amended Complaint. See Lee v. Rocky Mountain UFCW Unions & Employers Trust Pension Plan, No. 92-1308, 1993 U.S. App. LEXIS 30478, at *1 (10th Cir. Nov. 23, 1993)("Because the critical dates appeared plainly on the face of [the plaintiff's] complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context.").

I.     **LYMON'S CLAIMS AGAINST WEXFORD UNDER FEDERAL LAW ARE SUBJECT TO A THREE-YEAR STATUTE OF LIMITATIONS.**

It is not clear from the face of the Second Amended Complaint whether Lymon is asserting federal constitutional claims or state claims against Wexford.  The Supreme Court has found that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  It is well-established that the limitations period for claims asserted under §1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." Mondragon v. Thompson, 519 F.3d at 1082 (citing Wilson v. Garcia, 471 U.S. at 269); Roberts v. Barreras, 484 F.3d at 1238 (holding that the §1983 "limitation period is set by the personal injury statute in the state where the cause of action accrues").  In New Mexico, the applicable limitations period is three years.  See  Jackson v. Bloomfield, 731 F.2d at 654 ("We will henceforth apply the New Mexico three-year statute for an injury to the person to all

section 1983 actions arising in that state, even though such actions may also be analogized to other limitations statutes."). Lymon alleges that, after his fall on July 3, 2005, Wexford failed to provide adequate follow-up care in the form of diagnosis and treatment. See Second Am. Complaint ¶ 85, at 20. Specifically, Wexford did not take an MRI scan of Lymon's shoulder. See id. Lymon did not move to amend to assert these claims against Wexford until April 23, 2009, three years and nine months after his injury in the prison kitchen. His federal claims, brought under § 1983, are therefore untimely.

## II.   LYMON'S CLAIMS AGAINST WEXFORD UNDER STATE LAW ARE SUBJECT TO A TWO-YEAR STATUTE OF LIMITATIONS.

To the extent that Lymon's claims are state tort claims, the NMTCA provides the exclusive remedy against Wexford. Taking the factual allegations asserted in the Second Amended Complaint as true, Lymon alleges, and Wexford admits, that it and its duly licensed healthcare-practitioner employees provided medical care to inmates, including to Lymon, at the Central New Mexico Correctional Facility pursuant to Wexford's contract with the New Mexico Department of Corrections. See Second Am. Complaint ¶ 1, at 1; Defendant Wexford's Answer ¶ 1, at 1, filed January 7, 2010 (Doc. 73). Normally, the independent contractor exclusion would place Wexford and its employees outside of the NMTCA's provisions. "Employee" under the NMTCA, however, includes "licensed medical, psychological or dental arts practitioners providing services to the corrections department pursuant to contract," and thus the NMTCA governs claims against Wexford. NMSA 1978, § 41-4-3F(7). The NMTCA provides that all claims "shall be forever barred unless such action is commenced within two years after the date of occurrences resulting in loss [or] injury." NMSA 1978, § 41-4-15.

Lymon's Second Amended Complaint alleges that Wexford and its employees "failed to

provide adequate follow-up care in the form of diagnosis and treatment in that an MRI was not done

to properly diagnos[e] his shoulder injury."  Second Am. Complaint ¶ 85, at 20.  He also alleges

that, when he was originally incarcerated, which the Court will reasonably assume was sometime

before his injury in the kitchen sustained on July 3, 2005, Wexford failed to do a proper intake

evaluation.  <u>See</u> Second Am. Complaint ¶ 87, at 20.  Wexford argues that Lymon's claims should

be construed as personal-injury claims and thus the applicable statute of limitations, to the extent

that Lymon has asserted his claims arising out of state law, should be two years pursuant to

§ 41-4-15 of the NMTCA.  Lymon argues that the applicable statute of limitations are set forth in

§ 37-1-3 and § 37-1-4 because of contractual relationships between him, Wexford, and the New

Mexico Department of Corrections.  Section 31-1-3 provides that the statute of limitations period

on written contract claims is six years from the date of the breach of contract.  <u>See</u> <u>Tiberi v. CIGNA</u>

<u>Corp.</u>, 89 F.3d 1423, 1428 (10th Cir. 1996).  Section 37-1-4 provides a four-year limitations period

for actions on unwritten contracts and "all other actions not herein otherwise provided for."

NMSA 1978, § 37-1-4.  Specifically, Lymon argues that a series of oral contracts exist between him

and Wexford.  He argues that "[t]he contracts discussed herein were used to harm Plaintiff."

Response at 4.  He further argues that "Wexford was able to use certain written and unwritten

contracts with Plaintiff to shield certain entities and individuals from legal action."  Response at 6.

Wexford contends that, regardless of how Lymon now attempts to characterize his claims in his

briefing on the motion, these allegations are not in the Second Amended Complaint and the statute

of limitations which governs personal injuries governs his allegations against Wexford.  <u>See</u> Reply

at 2.

   "In determining which statute of limitation to apply to a particular claim, New Mexico has

taken the view that it is 'the nature of the right sued upon, not the form of the action or relief

-17-

demanded, [which] determines the applicability of the statute of limitations.'" Hartford v. Gibbons & Reed Co., 617 F.2d 567, 569-70 (10th Cir. 1980)(quoting Taylor v. Lovelace Clinic, 78 N.M. 460, 432 P.2d 816, 818 (1967)).  Under New Mexico law: "The majority rule is well established, that where the action in its effect is one for the recovery of damages for personal injury, the statute of limitations for injuries to the person applies, even though the cause of action stated is ex contractu in nature." Chavez v. Kitsch, 70 N.M. 439, 374 P.2d 497 (1962).  In Mantz v. Follingstad, 84 N.M. 473, 505 P.2d 68 (Ct. App. 1972), the New Mexico Court of Appeals upheld the trial court's finding that the personal injury statute of limitations barred the plaintiffs' theory of breach of express or implied contract in an action against a doctor for malpractice related to a mastectomy.  See 84 N.M. at 478, 505 P.2d at 73.  The New Mexico Court of Appeals stated: "This was clearly a claim for personal injuries growing out of surgery performed by defendant." Id.

Construing the well-pleaded factual allegations in Lymon's Second Amended Complaint as true, the allegations against Wexford, on their face, are for a personal injury it inflicted upon Lymon. There are no allegations of a breach of contract, express or implied, or injuries other than personal physical injury, arising out of such breach.  The Court, therefore, finds that, to the extent Lymon has asserted his claims under state law, the applicable statute of limitations is two years, pursuant to § 41-4-5.  Lymon did not move to amend to assert these claims against Wexford until April 23, 2009, three years and nine months after his injury in the prison kitchen.  The Court also rejects Lymon's argument that his claims have not yet begun to accrue because he does not understand the nature of his injury.  Lymon filed his original complaint in this case in August 2005 alleging injuries to his shoulder.  Lymon knew he had been injured at that time, and the facts alleged in the Second Amended Complaint are duplicative of the facts he originally asserted.  "[A] cause of action brought under Section 41-4-15(A) will accrue regardless of whether or not the plaintiff is

aware of the full extent of his or her injury" <u>Maestas v. Zager</u>, 141 N.M. 154, 160, 152 P.3d 141, 148

(2007).  "Once a plaintiff has discovered his or her injury and the cause of that injury, the statute of

limitations begins to run."  <u>Id.</u>  "It is not required that all the damages resulting from the negligent

act be known before the statute of limitations begins to run."  <u>Bolden v. Village of Corrales</u>, 111

N.M. 721, 722, 809 P.2d 635, 636 (Ct. App. 1990).  Given the clearly established case law regarding

the accrual of Lymon's claims, the Court finds that his state-law claims against Wexford, filed more

than two years after his injury, are untimely.

## III.     EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS IS NOT PROPER IN THIS CASE.

The Court can reasonably impute Lymon with knowledge of his shoulder injury dating back

to August 26, 2005, when he filed suit for the injury to his shoulder in state court, naming Sanchez,

Aramark, and Aramark employees as Defendants.  Lymon alleged that Garcia -- a nurse at the prison

-- gave him a health services pass prohibiting him from lifting objects.  <u>See</u> Second Am. Complaint

¶ 14, at 3.  He did not allege that the nurse caused his injury or make any claims against her,

Wexford, or any other Wexford employee.  Lymon made no mention of a failure to have his injury

treated in any complaint or amendment until April 23, 2009.  Lymon's claims are untimely under

the applicable statutes of limitations.  Lymon argues that the Court should toll the statutes of

limitations because the State Defendants and Aramark delayed the progression of the case, and

"Plaintiff maintains that any conduct that may be interpreted as delay or interference with the

conduct of the proceedings should toll the statute of limitations because State Defendants were the

employer of Wexford."  Response at 6.

In "rare and exceptional circumstances," a court may toll the statute of limitations for

equitable reasons.  <u>See</u> <u>Garcia v. Shanks</u>, 351 F.3d 468, 473 n.2 (10th Cir. 2003) (quotations

omitted). "Such circumstances include an inmate demonstrating that his late filing was due to circumstances beyond his control." Gobert v. Greg Province, No. 10-6008, 2010 U.S. App. LEXIS 11156, at *5 (10th Cir. June 2, 2010). "[T]he party claiming that the statute of limitations should be tolled has the burden of setting forth sufficient facts to support its position." Roberts v. Barrares, 484 F.3d at 1240. Lymon, however, has not provided any reason sufficient to equitably toll the limitations period. He argues that the other Defendants' delay in answering his original complaint interfered with him filing a motion to amend to add Wexford earlier. Lymon, however, could have filed a motion to amend to add Wexford, regardless whether the other Defendants had filed answers. Alternatively, he could have filed a separate action against Wexford at any time after his injury. Lymon has not established any extraordinary event beyond his control that prevented him from filing suit against Wexford within the applicable statutes of limitations. See Ocana v. Am. Furniture Co., 135 N.M. at 547, 91 P.3d at 66 ("Equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control.")(citing Martinez v. Orr, 738 F.2d at 1110). The Court will not apply equitable tolling to Lymon's claims against Wexford.

## IV.   RELATION-BACK IS INAPPROPRIATE TO LYMON'S UNTIMELY CLAIMS AGAINST WEXFORD.

Lymon argues that "Plaintiff went to a lot of trouble to inform Wexford employees of his injuries as a result of the violation of the medical restrictions recommended by Wexford's private medical consultant surgeon." Response at 7. He further argues that "[i]t is not plausible that Wexford did not receive Notice of the lawsuit because of the adversarial communications back and forth between Plaintiff and the prison kitchen." Response at 7. Wexford argues that it received no notice of Lymon's lawsuit until it was served with his Second Amended Complaint on December

-20-

21, 2009.  <u>See</u> Memo. at 10.  Wexford also argues that Lyman has not argued that he was confused as to Wexford's identity.  <u>See</u> Reply at 4.

For Lymon's claims against Wexford to relate back to the filing of the original complaint, and thus be deemed timely, he must show: (i) the basic claim arose out of the conduct set forth in the original pleading; (ii) Wexford received such notice that it will not be prejudiced in maintaining its defense; (iii) that Wexford must or should have known that, but for the mistake concerning identity, the action would have been brought against it; and (iv) the second and third requirement must have been fulfilled within the prescribed statutes of limitations.  <u>See</u> <u>Brown v. Uniroyal, Inc.</u>, 108 F.3d at 1307.  The Court finds that Lymon has not met the showing necessary for the relation-back doctrine to apply to his claims against Wexford.  While the claim against Wexford arises out of the conduct set forth in the original complaint -- Lymon's injury on July 3, 2005 in the prison kitchen -- there is nothing in the original complaint or in the First Amended Complaint alleging any deficiencies in Lymon's medical treatment from which Wexford could have known or should have known an action would be brought against it.  The first time any allegation is set forth concerning a deficiency in Lymon's medical care is in Lymon's motion to amend filed April 23, 2009.  Thus, the Court believes that the earliest Wexford could have been on notice that Lymon was asserting that it caused him injury was April 23, 2009.  Moreover, there is no allegation in Lymon's pleadings that he was attempting to bring claims against the medical provider or was unaware of, or was mistaken as to, the identity of the New Mexico Department of Corrections' medical provider.  The Court finds that Lymon has failed to satisfy rule 15(c)'s requirements and therefore will not apply the relation-back doctrine to Lymon's claims against it.

In sum, the Court finds that, whether Lymon is asserting his claims in Count XV against Wexford under federal law or under state law, they are untimely.  He first made allegations against

Wexford three years and nine months after his injury, which is beyond the two-year and three-year statutes of limitations applicable to his claims.  The Court further finds that neither equitable tolling nor the relation-back doctrine save Lymon's untimely claims.  Because the Court finds that Lymon's claims in Count XV are untimely, the Court will grant Wexford's motion to dismiss.  See Torrez v. Eley, No. 09-1464, 2010 U.S. App. LEXIS 9997, at *6 (10th Cir. May 17, 2010)(quoting Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

**IT IS ORDERED** that  Defendant Wexford Health Sources, Inc.'s Motion for Dismissal is granted and Defendant Wexford Health Sources, Inc. is dismissed from the case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Solomon Brown
Albuquerque, New Mexico

> *Attorney for the Plaintiff*

Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants Aramark Correctional*
> *Services, LLC, Joseph Neubauer, and*
> *Charlie Carrizales*

Sean Olivas
Javier F. Junco
Keleher & McLeod, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants John Sanchez,*
> *Abner Hernandez, Joe Williams, and*
> *New Mexico Department of Corrections*

James R. Wood
Rachel Reinsvold
Miller Stratvert, P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Wexford Corporation*